[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE POST-JUDGMENT ATTORNEY FEES AND COSTS
The plaintiff had won a trial court judgment in its favor, which judgment was sustained on appeal by the Appellate Court. The defendants moved for certification to the Supreme Court, which motion was eventually denied. The plaintiff then returned to this court seeking an award of fees and costs on appeal as well as post-judgment interest. The trial court, Barnett, J., had already entered awards regarding attorneys' fees and costs related to the trial itself.
Following an evidentiary hearing, the court, in a Memorandum of Decision dated July 1, 1999, awarded post judgment interest at the rate 5.84%, and it also awarded certain fees and costs. The bulk of the oral argument had focused on the appropriate rate of interest and amount of time spent by plaintiff's counsel in reviewing the trial transcript (11 hours). The undersigned concluded that this amount was reasonable and awarded plaintiff his attorney's fees on appeal in fall, at the rate previously approved by Judge Barnett, $200.00 per hour.
The defendants then moved for reconsideration. In reviewing this motion, the court realized that because the defendants' counsel had used the wrong docket number on many of his CT Page 253 pleadings, the undersigned did not have the benefit of several memoranda that the defendants had filed contesting other aspects of the plaintiff's claim for attorney's fees. In an order dated August 11, 1999, therefore, the undersigned ordered reconsideration "limited to the reasonableness of the time spent preparing the Appellees' Brief on Appeal, Oral Argument, Brief in Opposition to the Petition for Certification and Memorandum in Support of Claim for Interest. Attorney's Fees and Costs." The court declined to reconsider the interest rate, as requested by the plaintiff, because a full and fair hearing had already been held on that issue. The court also declined to revisit the hours spent reviewing the trial transcript, as had been requested by the defendants, for the same reason. The court did, however, agree to hear argument on the items listed in the Order quoted above and also to hear the defendants' motion for sanctions, the plaintiff's motion for contempt and the plaintiff's motion for attorney's fees spent in connection with the initial interest and attorney's fee hearing before the undersigned.
The plaintiff has claimed a total of 82 hours of attorney's fees on appeal, of which the court has already found 11 hours, the amount spent in connection with reviewing the trial transcript, to be reasonable. With regard to the remaining 71 hours, the plaintiff presented copies of time sheets with respect to all of the amounts claimed. The defendant argues that these amounts are excessive and points to Judge Barnett's having significantly reduced the plaintiff's claim for fees at trial. Indeed, Judge Barnett had cut the 17.7 hours claimed for reading the trial transcript to 6 hours, and the 41.5 hours claimed for legal research and preparation of the trial brief to 20 hours. He also reduced the 15.6 hours claimed for work relating to the defendants' post-judgment motions to 5 hours. Judge Barnett stated that the amount claimed for reading the trial transcript was "unreasonable", but he did not elaborate. His opinion did state that his decision to reduce the time spent on the legal research and trial brief preparation was "based partially on the product that was received." Judge Barnett did not explain his reasons for reducing the time claimed for work connected with the defendants' post-judgment motions.
The defendants request proportionate reductions in the plaintiff's present claims, apparently based on the theory that whatever it was that convinced Judge Barnett that there should be a reduction should also convince the undersigned. The problem with that approach is that with the exception of some apparent CT Page 254 dissatisfaction with the quality of plaintiff's counsel's legal research and brief writing, Judge Barnett did not explain the reasoning behind his rather substantial reductions of the plaintiff's other fee claims. The defendants, moreover, introduced no expert testimony as to what amounts of time would have been reasonable, nor did they contest the plaintiff's attorney's accuracy in recording the time claimed to have been spent.
Under these circumstances, the court is left to "eyeball" the hours claimed in light of the issues and their complexity, the vigor with which the case was defended and a general sense of how long it should take a skilled careful attorney to perform certain tasks. The result, under such circumstances, is inevitably an approximation.
Unlike Judge Barnett, who tried the case and therefore of necessity reviewed all of the pleadings in the context of the evidence presented, the undersigned is not in a position to evaluate the quality of the work product. The fact that the plaintiff prevailed on appeal, however, and staved off an effort to have the case certified to the Supreme Court, suggests that the plaintiff's attorney's work product was not altogether lacking in merit.
Applying these considerations to the claims made by plaintiff's counsel, the undersigned is constrained to agree with the defendants that the claim for time spent by plaintiff's counsel seems somewhat excessive, but hardly as exorbitant as the defendants contend. In recognizing, as has been previously mentioned, that the determination of how excessive this claim is can only be done by approximation, the undersigned concludes that the plaintiff should be reimbursed by the defendants for two-thirds of the remaining 71 hours under consideration. The defendants are thus entitled to receive, as post-judgment attorney's fees, the sum of $11,667.00, representing the 11 hours previously awarded plus 47.33 hours (two-thirds of the remaining 71 hours claimed) at $200.00 per hour. All other aspects of the court's July 1, 1999 order remain the same.
The plaintiff's motion for contempt, the defendants' motion for sanctions and the plaintiff's further motion for attorney's fees post-appeal are all without merit and are denied.
Jonathan E. Silbert, Judge CT Page 255